

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00007-CR

| | | |
|---|---|---|
| William Ernest Washington | § | From the 371st District Court |
| | § | of Tarrant County (1288512D) |
| v. | § | February 14, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00007-CR
### NO. 02-13-00008-CR

WILLIAM ERNEST WASHINGTON                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Ernest Washington attempts to appeal following his pleas of guilty to third-degree felony violations of civil commitment requirements for sexually violent predators. *See* Tex. Health & Safety Code Ann. § 841.085(a), (b) (West 2010). Following the plea agreements, the trial court sentenced Appellant to four years' incarceration in each case.

---

[1]*See* Tex. R. App. P. 47.4.

The trial court's certifications of Appellant's right to appeal state in each case that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). On January 10, 2013, we notified Appellant that these appeals could be dismissed unless he or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals. Appellant filed a pro se request for an extension to respond to our jurisdictional inquiry, but Appellant's court-appointed attorney has not filed a response.

The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Because the trial court's certifications reflect that Appellant has no right of appeal, we deny Appellant's request for an extension of time to respond to our jurisdictional inquiry and dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 14, 2013